UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GOLDEN HAWK METALLURGICAL, INC.,

        Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

        Defendant.

_____/

Case No. 15-14005

Honorable Nancy G. Edmunds

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [10]

Plaintiff Golden Hawk Metallurgical, Inc. seeks recovery from Defendant Federal Express Corporation for the loss of two of Plaintiff's shipments. Plaintiff asserts three theories of liability: Count I, breach of contract; Count II, breach of duty as a bailee; and Count III, conversion. (Dkt. 1-1.) Defendant has moved for partial summary judgment, asking the Court to hold that: (1) federal law preempts Counts II and III; and (2) Count I is limited to $100 per shipment. (Dkt. 10.) For the reasons stated below, the Court GRANTS Defendant's motion for partial summary judgment.

## I.    Background

In August 2015, the parties entered into two contracts to ship Plaintiff's precious metals and gems via overnight air mail. The first shipment, bearing tracking number 774191828584, was destined for Fairfield, Ohio. (Dkt. 10-1.) The second shipment, bearing tracking number 774190982603, was destined for Attleboro, Massachusetts. (*Id.*) Plaintiff alleges that Defendant failed to deliver the precious metals and gems in either

shipment. (Dkt. 12, at 5.) Plaintiff further alleges that one of Defendant's employees likely stole the goods, replacing them with rocks from one of Defendant's shipping locations. (*Id.*)

The terms and conditions of the parties' contracts appear on the airbills (Dkt. 12, at 21) and the FedEx Service Guide referenced on both. (Dkt. 12, at 22-31.) These terms expressly limit Defendant's liability to $100, "unless a higher value is declared and paid for." (Dkt. 10-1.) Plaintiff did not declare a value on either shipment, nor did Plaintiff pay a value higher than $100 in relation to either shipping contract. (Dkt. 10-2, at 3.)

Plaintiff originally filed suit in state court, and Defendant removed the case to this Court in November 2015. (Dkt. 1.) Defendant now moves for partial summary judgment.

## II.   Standard

Summary judgment under Federal Rule of Civil Procedure 56 is proper when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (internal citation omitted). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.   Analysis

### A. Preemption of Counts II and III

Through Count II, breach of duty as bailee, and Count III, conversion, Plaintiff seeks to have the Court enforce Michigan statutory and common law. Defendant argues that the

2

Airline Deregulation Act of 1978 (ADA) preempts both of these claims, entitling Defendant to judgment as a matter of law.[1]  For the reasons stated below, the Court agrees with Defendant.

The ADA contains the following preemption provision: "[A] State, a political subdivision of a state ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1).  In *Morales v. Trans World Airlines, Inc.*, the Supreme Court construed this provision broadly to preclude all claims "having a connection with, or reference to, airline rates, routes, or services."  504 U.S. 374, 384 (1992).  The Court determined that Congress included a broad preemption provision to promote competition and "ensure that the States would not undo federal deregulation with regulation of their own."  *Id.* at 378.

Since *Morales*, the Court has further defined the scope of the preemption provision. In *American Airlines v. Wolens*, it determined that the ADA preempted suits alleging a "violation of state-imposed obligations" but not suits alleging a breach of "self-imposed undertakings."  513 U.S. 219, 228 (1995).  The plaintiffs in *Wolens* had asserted one claim for breach of contract and another for a violation of the Illinois Consumer Fraud Act.  *Id.* The Court ultimately held that the ADA preempted the statutory fraud claim but not the

---

[1] Plaintiff contends that the issue presented is "whether the Plaintiff's stated claims are preempted by the Carmack Amendment[, 49 U.S.C. § 14706]." (Dkt. 12, at 3).  The Court disagrees.  Defendant has not invoked the Carmack Amendment, and "there is significant precedent indicating that the Carmack Amendment simply does not apply to an air carrier such as FedEx." *Kemper Ins. Co. v. Federal Express Corp.*, 252 F.3d 509, 514 n.5 (1st Cir. 2001) (surveying relevant authority); *see also* 49 U.S.C. § 40102(a)(2). (defining "air carrier").

3

breach of contract claim.  *Id.*  The Act pre-empted only the fraud claim, the Court explained, because that cause of action did more than "simply give effect to bargains offered by the airlines and accepted by airline customers."  *Id.* at 228.

Next, in *Northwest Inc. v. Ginsberg*, the Court reaffirmed that preemption under the ADA depends on whether a claim "is based on a state-imposed obligation or simply one that the parties voluntarily undertook."  134 S.Ct. 1422, 1431 (2014).  The Court went on to hold that the ADA pre-empted a claim alleging a breach of the covenant of good faith because the claim imposed a "state-imposed obligation."  *Id.*

Most recently, the Sixth Circuit construed *Northwest* to stand for the proposition that preemption under the ADA does not depend on whether a claim is statutory or based in common law.  *Solo v. United Parcel Service Co.,* 819 F.3d 788, 797-98 (6th Cir. 2016) (citing *Northwest*, 134 S.Ct. at 1431). The Sixth Circuit there was considering whether the ADA preempted a plaintiff's claim of unjust enrichment.  The court did not rule on the issue, but it suggested that the claim would *not* be preempted: "[U]njust enrichment serves to 'effectuate the intentions of parties or to protect their reasonable expectations, and thus looks to the particular parties to a transaction rather than a universal, state imposed obligation.'"  *Solo*, 819 F.3d at 798 (quoting *Northwest*, 134 S.Ct. at 1431-32).  *But see Overka v. America Airlines, Inc.*, 790 F.3d 36 (1st Cir. 2015) (holding that the ADA preempts state law claims for unjust enrichment).

Here, Counts II and III assert state law claims for breach of duty as bailee and conversion, respectively.  Unlike claims for breach of contract or unjust enrichment, these claims do not "serve to effectuate the intentions of parties or to protect their reasonable expectations." *Solo*, 819 F.3d at 798.  Nor do they allege violations of terms or conditions

4

that "the parties voluntarily undertook." *Northwest*, 134 S.Ct. at 1431.  Instead, Counts II and III allege violations of "state-imposed obligations" that apply universally, similarly to claims for tortious interference or breach of the covenant of good faith.  *Id.; Overka*, 790 F.3d at 40 (holding that the ADA preempts state law claims for tortious interference). Accordingly, this Court holds that the ADA preempts Counts II and III, regardless of whether they arise from Michigan statutory or common law.  *See Northwest*, 134 S.Ct. at 1431; *Solo*, 819 F.3d at 797-98; *Overka*, 790 F.3d at 40 (noting that tort law "'is not a privately ordered obligation,' but rather is imposed by the state") (internal citations omitted).

Defendant's motion to dismiss Counts II and III as a matter of law is GRANTED.

### B. Limitation of Liability for Count I

Plaintiff alleges that Defendant is liable in breach of contract [Count I] for the full value of the missing metals and gems.  (Dkt.1-1, at 7)  Defendant argues that the terms and conditions of the shipping contracts placed in issue expressly and unambiguously limit Defendant's liability to $100, entitling Defendant to summary judgment as to limited liability. Plaintiff responds that the terms supporting Defendant's limited liability are either (1) unenforceable as a matter of law; or (2) so ambiguous that they raise a question of fact making summary judgment inappropriate.[2] [3]  This Court agrees with Defendant that the

---

[2] Plaintiff again cites the Carmack Amendment and associated case law to oppose summary judgment on this issue.  (Dkt. 12, at 8-13).  But the Amendment does not govern Plaintiff's claims, as stated above.  *Kemper Ins.*, 252 F.3d at 514 n.5; 49 U.S.C. § 40102(a)(2).

[3] Plaintiff also seems to invoke the "conversion exception," which exposes a carrier to full liability when it has appropriated the shipper's property for its own use or gain. *Kemper Ins.*, 252 F.3d 509, 515 (1st Cir. 2001). Plaintiff argues: "The liability limitations expressed in the two documents clearly did not cover the theft of goods by employees of [Defendant]." (Dkt. 12, at 10.)  But the Court finds that the exception does not apply.  Even assuming that

terms limiting liability are unambiguous and enforceable, entitling Defendant to summary judgment.

When a shipper challenges an air carrier's contractual limitation of liability, federal common law governs.  *Kemper Ins. Companies v. Federal Exp. Corp.*, 252 F.3d 509, 512 (1st Cir. 2001) (citing  *Deiro v. Am. Airlines, Inc.*, 816 F.2d 1360, 1365 (9th Cir. 1987)).  In the Sixth Circuit, courts must decide as a matter of law whether an air carrier's terms are enforceable via the "reasonable notice" test.  *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 219 (6th Cir. 1983); *Vincent v. Northwest Airlines, Inc.*, 2010 WL 3272836 (E.D. Mich. Aug. 19, 2010); *Sweitzer v. Pinnacle Airlines, Inc.,* 2010 WL 1949613 (W.D. Mich. May 13, 2010); *Huang v. International Total Services*, 1997 WL 3377508 (E.D. Mich. Apr. 17, 1997); *see also Deiro*, 816 F.2d at 1363 (noting that, although the test was originally adopted in cases dealing with steamships, it was "equally applicable to ... air carriers.").  The *Barbachym* court observed that contract terms generally satisfy this test when the carrier offers "conspicuous warnings." *Barbachym*, 713 F.2d at 220.  It concluded that "each case must be reviewed carefully to determine whether the particular type of notice was reasonable in that particular situation."  *Id.*

The terms at issue here appear on FedEx airbills (Dkt. 12, at 21) and the FedEx Service Guide referenced thereon.  (*Id.* at 22-31.)   The tops of the airbills contain the shipping forms that the Plaintiff completed.  On the bottoms of the airbills, a capitalized,

---

Plaintiff carried its burden of showing that one of Defendant's employees converted the metals and gems, Plaintiff must allege that the carrier "appropriated the property *itself*, or profited from its conversion." *Id.* at 516. (emphasis in original).  Plaintiff has not done so, and "[w]illful blindness to the activity of third parties (even employees) does not qualify [for the exception]." *Id.*

bolded "[w]arning" appears, followed by a paragraph detailing the terms and conditions. This paragraph also directs the shipper to the Service Guide, which is available online and contains identical terms.

Within the terms and conditions, the airbills state that Defendant's liability is limited to $100.00 unless "you declare a higher value, pay an additional charge, document your actual loss[,] and file a timely claim." (*Id.* at 21.)  The airbills further state that the shipper's right to recover damage, whether "direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value." (*Id.*)  The airbills' bottom sections are not cluttered, nor are their essential conditions buried among a litany of immaterial terms.  The airbills thus provide "conspicuous warnings" of Defendant's limited liability, and Plaintiff has not offered evidence showing that Defendant behaved in any way to render the contracts' terms less clear.

Given the above, this Court finds that the limited liability provisions at issue here satisfy the "reasonable notice" test.  *Barbachym*, 713 F.2d at 219; *see also North Cypress Medical Center Operating Co. Ltd. v. Fedex Corp.*, 892 F. Supp. 2d 861 (S.D.  Tex. Sept. 14, 2012) (holding that a similar, previous version of FedEx's airbill provided reasonable notice of limited liability);  *Dugan v. Fedex Corp.*,  2002 WL 31305208 (C.D.  Cal. Sept. 27, 2002) (same).  Plaintiff, who did not declare a value for its shipments, may recover no more than $100 on its claim for breach of contract.

## IV.   Conclusion

For the above-stated reasons, the Court GRANTS Defendant's motion for partial summary judgment.  Plaintiff's claims for conversion and breach of duty as bailee are dismissed, and Plaintiff's claim for breach of contract is limited to $100.

SO ORDERED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated:  October 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2016, by electronic and/or ordinary mail.

                    s/Carol J. Bethel
                    Case Manager